BADANES v. FEDER et al.

(Supreme Court, Appellate Term. April 24, 1905.)

1. NEW TRIALS—GROUNDS—PRESUMPTIONS ON APPEAL.
    Under rule 31 of the general rules of practice requiring an order granting a new trial, except on exceptions taken during the trial, to specify the grounds upon which it was granted, it must be assumed on appeal that an order granting a new trial without specifying any grounds was granted upon exceptions taken during the trial.

2. EVIDENCE—WRITTEN ADMISSIONS—CIRCUMSTANCES OF EXECUTION.
    In an action for broker's commissions plaintiff introduced in evidence, in corroboration of his claim, a writing executed by defendants after the

agreement with the purchaser for the sale of the property had been made, and which recited a promise to pay commissions to plaintiff. The defense was that the agreement to pay commissions was made with the purchaser, and not with plaintiff; that the purchaser alone was present when the written agreement was executed; and that plaintiff's name was inserted therein at the purchaser's request. *Held* that, as the writing operated as an apparent admission by defendants of plaintiff's claim, defendants were entitled to show in explanation of such admission what occurred when the paper was signed, though plaintiff was not present at that time.

Appeal from City Court of New York, Trial Term.

Action by Bernard Badanes against Frank Feder and another. From an order granting a new trial, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

J. A. Siedman, for appellant.

Strasbourger, Weil, Eschwege & Schallek, for respondents.

SCOTT, J. This is an appeal from an order setting aside a verdict and ordering a new trial. The order did not specify the particular grounds upon which it was granted, and imposed no costs as a condition. We are therefore bound to assume that it was granted upon the exceptions taken upon the trial (rule 31), and the appeal has been argued upon the assumption that such is the fact. Our sole inquiry, therefore, must be whether or not any exceptions were taken which justified the order. The action was for broker's commissions upon the sale of real estate. The plaintiff's evidence was that he was authorized in writing to obtain a purchaser for defendant's property; that he did obtain a purchaser in the person of one Cooper; that the defendant agreed to pay him a commission of $350 for procuring a sale; and that, after Cooper had agreed to purchase the property, defendants signed a paper wherein they agreed to pay plaintiff the amount of commission when title should be taken, and that title was subsequently taken. The defense relied upon was that defendants' agreement to pay commission was made with Cooper, and not with plaintiff; that Cooper was the procuring cause of the sale; that plaintiff's name was inserted in the written promise to pay at Cooper's request and for his benefit, and that Cooper waived or relinquished his claim for commission. There was a sharp conflict of evidence as to whether plaintiff was ever employed to make the sale and as to whether he had anything to do with it except to act as a messenger for Cooper. Upon the evidence on these points the jury might have found either way. There is no reasonable doubt, however, that on February 15, 1904, the defendants agreed with Cooper for the sale of the property, and received from him a check for $150 to bind the agreement. The actual contract was afterwards made with one Chmelniker, who testified that he bought the property in partnership with Cooper. Upon the plaintiff's theory of his cause of action his right to the commission became perfected on February 15th, when Cooper agreed to purchase the property. It was after this that defendants signed the paper agreeing to pay plaintiff's commission when title should pass.

This paper did not constitute the contract for commissions, but was relevant and important only as corroboration evidence of plaintiff's testimony that he had been employed to make and had made the sale. The evidence was conflicting as to the circumstances under which the paper was signed. The plaintiff testified that it was given to him by one of the defendants a couple of days after Cooper had agreed to purchase the property, and that defendant's excuse for postponing the payment of the commission was that Cooper had only paid $150 on account of the purchase. The defendant who signed the paper testified that it was signed on the night before the formal contract was made, and then delivered to Cooper, and that no one was present except himself and Cooper. He was then asked what occurred when the paper was signed, and on objection to the question on the ground that the transaction was not in the presence of the plaintiff it was excluded. In our opinion, the exception to this ruling justified the order setting aside the verdict. As has been pointed out, the significance of the paper, known in the case as "Exhibit D," was that it appeared to corroborate plaintiff's claim that defendants had employed and recognized him as the broker in the transaction; that it was, in effect, an admission of his story. It is a general rule that a party against whom an admission is sought to be shown has the right to show the whole admission and the circumstances attending its making. In testing the admissibility of the evidence sought to be elicited, we must accept the defendants' evidence that the paper was given not to plaintiff, but to Cooper, and that plaintiff was not present. We have, therefore, the case of an apparent admission made to Cooper that Badanes, the plaintiff, was entitled to the commission for the sale of the property. It seems quite clear from this point of view that defendants should have been permitted to show the circumstances attending the making of the admission. It follows that the order was right, and must be affirmed, with costs.

Order affirmed, with costs and disbursements. All concur.